[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 12, 2007
THOMAS K. KAHN
CLERK

No. 06-11028

D. C. Docket No. 04-00218 CR-1-CC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NIKITA WADALE HARPER,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Georgia

**(March 12, 2007)**

Before DUBINA and COX, Circuit Judges, and SCHLESINGER,* District Judge.

PER CURIAM:

_____
*Honorable Harvey E. Schlesinger, United States District Judge for the Middle District of
Florida, sitting by designation.

A Federal Grand Jury in the Northern District of Georgia charged the Appellant, Nikita Wadale Harper ("Harper"), in a federal indictment of robbing two SouthTrust Banks twice, with using a firearm to commit robbery, with being a convicted felon in possession of a firearm and with using a firearm to rob the SouthTrust Banks. The first trial resulted in a mistrial because of a hung jury. After the second jury trial, Harper was found guilty of robbing the Conyers SouthTrust Bank in July 2004 and March 2003, robbing the Perimeter SouthTrust Bank in April 2003, using firearms to commit the three robberies, and being a felon in possession of the pistol recovered from the March 2004 robbery in Conyers (Counts 1, 2, 3, 4, 5, 6, and 7). The jury acquitted Harper of robbing the Perimeter SouthTrust Bank in September 2000. Harper was sentenced to 1,044 months in prison.

Harper presents the following issues for appellate review:

1. Whether the district court abused its discretion in not conducting an evidentiary hearing on Harper's second supplemental motion to suppress.

2. Whether the district court abused its discretion in permitting Agent Fonseca and Lt. Dunn to testify about their interview of Mrs. Harper.

3. Whether the district court committed plain error in permitting Agent Fonseca and Lt. Dunn to testify about their interview of Mrs. Harper in violation of the Confrontation Clause.

4. Whether the district court, after considering the factors under 18 U.S.C. § 3553(a), imposed an unreasonable sentence.

5. Whether *Almendarez-Torres*, 523 U.S. 224, 118 S. Ct. 1219 (1998), is viable post *Booker*.

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we conclude that there is no merit to any of the arguments Harper makes in this appeal. Accordingly, we affirm his convictions and sentences.

**AFFIRMED.**